UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS



FILED

FEB 2 6 2020

Clerk, U.S. District Court
Eastern District of Texas

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>v.<br><br>USA Auto Protection, LLC, Palmer<br>Administrative, Inc., Michael Shaftel, Phillip<br>Tripoli, Lyndon Southern Insurance<br>Company, and Paylink Payment Plans, LLC,<br>dba Paylink Direct and John/Jane Does 1-5<br><br><br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 4:20 cv 142 |

## Plaintiff's Original Complaint and Jury Demand

### Parties

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. USA Auto Protection, LLC is a Missiouri corporation that can be served via registered agent Phillip Tripoli 4387 Magoffin Trails drive, St. Louis, MO 63129.

3. Phillip Tripoli is a natural person and corporate officer and registered agent of USA Auto Protection, LLC and can be served at 4387 Magoffin Trails drive, St. Louis, MO 63129.

4. Michael Shaftel is a natural person who can be served at 200 E. Palmetto Park Rd., Apt 4, Boca Raton, FL 33432 or 3430 Sunset Ave., Ocean, NJ 07712.

5. Palmer Administrative, Inc., is a New Jersey corporation that can be served at

Registered agents Inc., 5534 Saint Joe Rd., Fort Wayne, IN 46835 or Michael Shaftel or charles Miller 3430 Sunset Ave., Ocean, NJ 07712.

6. Lyndon Southern Insurance Company is a Florida corporation that can be served via Corporate Creations Network, Inc., 11380 Prosperity Farms Road #221E Palm Beach Gardens, FL 33410.

7. Paylink Payment Plans, LLC is an Illinois corporation that can be served at CT Corporation System, 2088 So. LaSalle St., Suite 814, Chicago, IL 60604.

8. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

9. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

10. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff. Defendants have contracted with multiple Texas corporations to sell the testing services the corporations offer to Texas residents.

11. This Court has specific personal jurisdiction over the defendants because the calls at

issue were sent by or on behalf of all the Defendants in this complaint.

12. **Venue.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  residing in the Eastern District of Texas when he recieved a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

13. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

15. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

16. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication

Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

18. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

19. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

20. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

21. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

22. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

such calls at a telephone number the consumer designates. In addition, the written

agreement must be obtained without requiring, directly or indirectly, that the

agreement be executed as a condition of purchasing any good or service.

23. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

24. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

25.  Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

26.  A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If

an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code 305.053

27. The Texas Business and Commerce code has an analogus portion that is related to the TCPA and was violated in this case.

28. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### FACTUAL ALLEGATIONS

29. This case relates to calls placed selling extended car warranty plans.

### Calls to the Plaintiff

30. Mr. Cunningham received at least 11 calls from a variety of spoofed caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system and pre-recorded message to the Plaintiff's cell phone ***-***-9191 from 732-807-5611 and 732-759-2044 by Palmer Administative Services, Inc., directly.

31. Plaintiff recieved at least 17 calls from USA Auto Protection on behalf of USA Auto Protection, Inc., that culminated in a policy issued PELTA 371200, Lyndon Southern Insurance Company, and Paylink Payment Plans, LLC, dba Paylink Direct, all of whom are listed in the policy issued.

32. On August 7th 2019, the Plaintiff recieved a call to ***-***-9191 from 501-424-0026 to his cell phone. This call had 3-4 seconds of dead air and was initiated using an automated telephone dialing system. The agent was asking some screening questions

relating to extended car warranty claims.The agent failed to properly identify themselves as being affiliated with any of the defendants in this case.

33. These calls were not related to any emergency purpose.

34. The Plaintiff never consented to recieving automated calls or calls with pre-recorded messages from any of the defendants or their agents.

35. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

36. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

37. No emergency necessitated the calls

38.  Each call was sent by an ATDS.

### Knowing and  Willful Violations of Telemarketing Regulations

39.  The Plaintiff had previously sued Palmer Administrative, and Plamer Administrative has been the defendant in multiple class action lawsuits, which is an indication that they knew they and agents acting on their behalf were engaging in illegal telemarketing calls. The Plaintiff never should have recieved any calls after 2015 from Palmer or any agents of Palmer given the previous lawsuit involving the Defendants.

40. The defendants knowingly violated the TCPA by initiating automated calls  to the Plaintiff.

41. The Defendants  did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

42. **INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF**

**THE CALLS**

43. Defendant's calls  harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

44. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

45. Defendant's  calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

46. Defendant's  calls  harmed the Plaintiff by intruding upon Plaintiff's seclusion.

47. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage
- Annoyance
- Frustruation
- Anger

**The Plaintiff's cell phone is a residential number**

48. The text messages were to the Plaintiff's cellular phone ***-***-9191 which is the

Plaintiff's personal cell phone that he uses for personal, family, and household use.
The Plaintiff maintains no landline phones at his residence and has not done so for at
least 10 years and primarily relies on cellular phones to communicate with friends and
family. The Plaintiff also uses his cell phone for navigation purposes, sending and
receiving emails, timing food when cooking, and sending and receiving text
messages. The Plaintiff further has his cell phone registered in his personal name,
pays the cell phone from his personal accounts, and the phone is not primarily used
for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

49. The actions of the defendants violated the Texas Business and Commerce Code
305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The
calls by the defendants violated Texas law by placing calls with a pre-recorded
message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47
USC 227(d)(3) and 47 USC 227(e).

50. The calls by the defendants violated Texas law by spoofing the caller ID's per 47
USC 227(e) which in turn violates the Texas statute.

## I.   FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1.      Mr. Cunningham realleges and incorporates by reference each and every
allegation set forth in the preceding paragraphs.

2.      The foregoing acts and omissions of Defendants and/or their affiliates or
agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making

non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3.      Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4.      Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5.      Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II.  SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

     a.      a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

   b.  training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

   c.  in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

  8.  Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

  9.  Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

  10.  Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and the defendant's name in the solicitations (3) by placing calls to a number registered on the national do-not-call list.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

  11.  Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

  12.  The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13.     Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation.**Texas Business and Commerce Code 305.053(b)**

14.     Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants  jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.     An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 30 calls.

E.     An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.     An award to Mr. Cunningham of damages, as allowed by law under the

TCPA;

G.     An award to Mr. Cunningham of interest, costs and attorneys' fees, as

allowed by law and equity

H.     Such further relief as the Court deems necessary, just, and proper.

Craig Cunningham
Plaintiff,                              2/25/2020

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075