**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:20-cv-00142-RWS-KPJ** |
| | § | |
| **USA AUTO PROTECTION, LLC, et al.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT USA AUTO PROTECTION, LLC'S
ANSWER TO PLAINTIFF'S  FIRST AMENDED COMPLAINT AND
<u>COUNTERCLAIMS</u>**

Defendant USA Auto Protection, LLC ("USA Auto" or "Defendant"), by counsel, hereby submits its Answer and Counterclaims, to Plaintiff Craig Cunningham's ("Cunningham" or "Plaintiff") First Amended Complaint (the "Complaint") filed on May 4, 2020 (ECF No. 25).

**<u>Parties</u>**

1.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1.  To the extent a response is required, the allegations are denied.

2.      Subject to the clarification that USA Auto is a Missouri limited liability company (not a corporation), admitted.

3.      Admitted.

4.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.  To the extent a response is required, the allegations are denied.

5.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.  To the extent a response is required, the allegations are denied.

6.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.  To the extent a response is required, the allegations are denied.

7.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7.  To the extent a response is required, the allegations are denied.

8.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.  To the extent a response is required, the allegations are denied.

9.      USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9.  To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

10.     The allegations contained in paragraph 10 call for legal conclusions to which no response is necessary. To the extent a response is required, USA Auto admits only that federal courts have subject matter jurisdiction over certain claims arising out of the TCPA, but denies that this Plaintiff has Article III standing to pursue these manufactured TCPA claims; all remaining allegations are denied.

11.     The allegations contained in paragraph 11 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

12.     The allegations contained in paragraph 12 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

13.     The allegations contained in paragraph 13 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.  USA Auto further denies that this case relates to claims by anyone other than the Plaintiff, who is suing over calls to one or more Tennessee-based telephone numbers.

14.     The allegations contained in paragraph 14 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

15.     The allegations contained in paragraph 15 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

16.     The allegations contained in paragraph 16 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

17.     The allegations contained in paragraph 17 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

18.     The allegations contained in paragraph 18 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

19.     The allegations contained in paragraph 19, including footnote 1, call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

20.     The allegations contained in paragraph 20 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

21.     The allegations contained in paragraph 21 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

22.     The allegations contained in paragraph 22 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

23.     The allegations contained in paragraph 23 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

24.     The allegations contained in paragraph 24 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

25.     The allegations contained in paragraph 25 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

26.     The allegations contained in paragraph 26 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

27.     The allegations contained in paragraph 27 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## The Texas Business and Commerce Code 305.053

28.     The allegations contained in paragraph 28 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

29.     The allegations contained in paragraph 29 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

30.     USA Auto admits Plaintiff's Complaint is premised on calls he alleges to have received regarding extended car warranty plans. USA Auto denies it violated any federal law or regulation or state equivalent law with calls made to Plaintiff.

**Calls to the Plaintiff**

31.     USA Auto admits only to making certain telephone calls to a phone number Plaintiff claims to be his, with his or his designee's prior express consent; USA Auto denies the remaining  allegations in Paragraph 31.

32.     As noted in the preceding paragraph, USA Auto admits only that it placed phone calls to Plaintiff.  To the extent Plaintiff alleges such calls violated any federal law or regulation or state equivalent law, the allegations are denied.

33.     USA Auto has no record of making any such call to Plaintiff.  USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33.  To the extent a response is required, the allegations are denied.

34.     USA Auto admits only to making certain telephone calls to a phone number Plaintiff claims to be his, with his or his designee's prior express consent, and that USA Auto sells certain vehicle service agreements administered by Palmer; USA Auto denies the remaining allegations of this Paragraph.

35.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

36.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

37.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37.  To the extent a response is required, the allegations are denied.

38.     The allegations contained in paragraph 38 call for a legal conclusion to which no response is necessary. To the extent a response is required, USA Auto does not claim that its calls

to Plaintiff's phone number, made with his or his designee's prior express consent, were made for an emergency purpose.

39.     Denied.

40.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40.  To the extent a response is required, the allegations are denied.

41.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 as they apply to the other defendants.  To the extent a response is required, the allegations are denied.

42.     The allegations contained in paragraph 42 call for a legal conclusion to which no response is necessary. To the extent a response is required, USA Auto incorporates its response to Paragraph 38.

43.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

44.     Paragraph 44 of the Complaint contains the subheading "Fraudulent Opt ins and actions by MIFCO, LLC and Digital Media Solutions." USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 as they apply to other defendants. The allegations in Paragraph 44, as applied to USA Auto in particular, are denied as written.

45.     USA Auto admits only that it received Plaintiff's or his designee's prior express consent to call Plaintiff's telephone number(s); USA Auto is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45 as they apply to other defendants, and therefore denies them.

46.     USA Auto admits only that it received Plaintiff's or his designee's prior express consent to call Plaintiff's telephone number(s); USA Auto is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 as they apply to other defendants, and therefore denies them.

47.     USA Auto admits only that it received Plaintiff's or his designee's prior express consent to call Plaintiff's telephone number(s); USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 as they apply to other defendants, and therefore denies them.

48.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 as they apply to other defendants. The allegations in Paragraph 48, as applied to USA Auto in particular, are denied as written.

49.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 as they apply to other defendants. The allegations in Paragraph 49, as applied to USA Auto in particular, are denied as written.

50.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 as they apply to other defendants. The allegations in Paragraph 50, as applied to USA Auto in particular, are denied as written.

51.      Paragraph 51 of the Complaint only contains the heading **INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS.** The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

52.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

53.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

54.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

55.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

56.      The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

57.     USA Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.  To the extent a response is required, the allegations are denied.

58.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

59.     The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

## I. FIRST CLAIM FOR RELIEF
### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))
### (Against All Defendants)

1.     USA Auto incorporates by reference each and every answer set forth in the preceding paragraphs.[1]

2.     The allegations contained in paragraph 2 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

---

[1] Plaintiff's Amended Complaint restarts his paragraph numbering at this point; to minimize confusion, USA Auto mirrors that practice here.

3.      The allegations contained in paragraph 3 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

4.      The allegations contained in paragraph 4 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

5.      USA Auto admits that Plaintiff requests relief as detailed in this paragraph. To the extent he claims entitlement to relief, USA Auto denies that he is entitled to any relief on his claims.

## II. SECOND CLAIM FOR RELIEF
### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))
### (Against All Defendants)

6.      USA Auto incorporates by reference each and every answer set forth in the preceding paragraphs.

7.      The allegations contained in paragraph 7 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied. Moreover:

      a.   The allegations in subparagraph a. call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

      b.   The allegations in subparagraph b. call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

      c.   The allegations in subparagraph c. call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

8.      The allegations contained in paragraph 8 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

9.      The allegations contained in paragraph 9 call for a legal conclusion to which no response is necessary. To the extent a response is required, the allegations are denied.

10.     USA Auto admits that Plaintiff is requesting the relief detailed in this paragraph. To the extent he claims entitlement to relief, USA Auto denies that he is entitled to any relief on his claims.

### III. THIRD CLAIM FOR RELIEF
### Violations of The Texas Business and Commerce Code 305.053

11.     USA Auto incorporates by reference each and every answer set forth in the preceding paragraphs.

12.     Denied.

13.     Denied.

14.     Denied.

### IV. PRAYER FOR RELIEF

This section does contain any factual allegations requiring a response from USA Auto, but if a response is deemed required, USA Auto denies that Plaintiff is entitled to any of the requested relief from USA Auto.

### GENERAL DENIAL

All allegations set forth in Plaintiff's Complaint not specifically admitted above are denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, USA Auto asserts the following affirmative defenses to Plaintiff's Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, USA Auto does not concede that it has the burden of proof or production for any of the following:

1.     Plaintiff lacks standing because, as explained in greater detail in USA Auto's Counterclaims, he has incurred no injury or actual harm or damages.

2.      Plaintiff fails to state a claim against USA Auto upon which relief can be granted insofar as he provided consent to receive the calls at issue and lacks Article III standing to assert his claims.

3.      As explained in greater detail in its Counterclaims, USA Auto had Plaintiff's or his designee's prior express consent to place phone calls to Plaintiff's cellular telephone number.

4.      Any alleged damages suffered by Plaintiff resulted from the acts or omissions of Plaintiff himself, or third parties who were not agents of USA Auto, over whom USA Auto exercised no control or authority, and for whose conduct USA Auto is not responsible.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, and/or res judicata under Plaintiff's prior settlements with one or more of the defendants to this action referred to in his Complaint.

6.      Plaintiff's claims are barred by the doctrines of equitable estoppel and/or unclean hands, for the reasons explained in USA Auto's Counterclaims.

USA Auto reserves the right to rely upon all other properly provable defenses which further discovery or the evidence may disclose.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Defendant USA Auto respectfully requests:

1.   That the Complaint be dismissed with prejudice and judgment entered in USA Auto's favor;

2.   That USA Auto be awarded its reasonable costs and attorneys' fees; and

3.   That  USA Auto be awarded such further relief as the Court deems equitable and just.

## COUNTERCLAIMS

Defendant USA Auto hereby asserts the following Counterclaims against Plaintiff Craig Cunningham ("Cunningham"). These counterclaims are made in addition to USA Auto's Answer because USA Auto maintains that it is not liable under the TCPA or Texas Business and Commerce Code, and because all calls USA Auto initiated to Plaintiff's cellular telephone number were made with his or his designee's prior express consent. USA Auto sets forth as follows:

## PARTIES

1.      USA Auto is a limited liability company organized under the laws of Missouri, with its principal place of business in St. Louis, Missouri.

2.      Plaintiff/Counterclaim Defendant Craig Cunningham is an individual, and resident of the State of Texas.

## FACTS

3.      Mr. Cunningham is a professional litigant who regularly files *pro se* lawsuits asserting TCPA claims throughout the United States.[2] A PACER search alone suggests he has filed approximately 130 TCPA-related cases since 2015.

---

[2] *See, e.g.*, *Cunningham v. JP3 Enterprises, LLC*, et al., Case 4:19-cv-00902-ALM-CAN, Dkt. 37 (E.D. Tex. Mar. 3, 2020); *Cunningham v. Air Voice, Inc.*, CIVIL ACTION NO. 4:19-CV-00096-ALM-CAN, 2020 U.S. Dist. LEXIS 51585, at *15 (E.D. Tex. Feb. 14, 2020); *Cunningham v. Lifestyles Dev., LLC*, CIVIL ACTION NO. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *9-15 (E.D. Tex. Aug. 8, 2019); *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *15 (E.D. Tex. Apr. 30, 2019) (same) (Nowak, J.), *report and recommendation adopted*, No. 4:18-CV-362, 2019 U.S. Dist. LEXIS 102050 (E.D. Tex. June 19, 2019); *Cunningham v. Prof'l Educ. Inst., Inc.*, CIVIL ACTION NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS 215107, at *11 (E.D. Tex. Nov. 5, 2018); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *14 (M.D. Tenn. July 20, 2018), *report and recommendation adopted*, No. 3:16-CV-02921, 2018 U.S. Dist. LEXIS 234809 (M.D. Tenn. Aug. 7, 2018); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-cv-1216, 2018 U.S. Dist. LEXIS 22921, at *19 (N.D. Ill. Feb. 13, 2018).

4.     In addition to those myriad lawsuits, on information and belief, Cunningham also attempts to extract, and in many cases has extracted, settlements from numerous other companies and individuals predicated on his alleged TCPA claims.

5.     On information and belief, Cunningham's primary source of income is the revenue he generates from his TCPA claims.

6.     Under the TCPA, Congress afforded injured citizens a private right of action and statutory damages of $500 for negligent violations of certain provisions of the TCPA, which can be trebled by the applicable court in cases of intentional or knowing violations.

7.     On information and belief, Cunningham maintains numerous phones, the primary purpose of which is to collect allegedly unwanted phone calls, for which he then asserts TCPA claims and attempts to extract nuisance-value settlements.

8.     On information and belief, Cunningham claims that these various phones are "residential" phone lines, when in fact they are his business phones for his business of manufacturing and prosecuting TCPA claims and lawsuits.

9.     There are commercial services available to callers to try to avoid calling professional TCPA plaintiffs like Craig Cunningham.   On information and belief, when Cunningham's phone numbers begin receiving fewer allegedly "unwanted" calls than he wants, Cunningham acquires additional phone numbers that are not on those so-called "litigator scrub" services so that he can increase his volume of allegedly "unwanted" phone calls.

10.    In this case, on or around May 17, 2019, Cunningham or his designee visited http://autocarenow.com and gave USA Auto (among others) prior express consent to call his telephone number, (615) XXX-9191, regarding vehicle service agreements sold by USA Auto.

11.     The contact information provided by Cunningham or his designee on the www.autocarenow.com website included the name of "Amma Butt," and an incongruous physical address that had a street address in Canada but a city and zip code in Arkansas.  But the phone number provided was unmistakably Cunningham's (615) XXX-9191 phone number.

12.     In other words, amidst the seemingly taunting name of "[I'm a] Butt" and a nonsensical physical address that would not have been the product of a typographical error, the essential information that Cunningham needed to get his "unwanted calls"—his phone number— was accurately provided.

13.     Further clouding the ability to identify the source of this online opt-in, the IP address associated with that website opt-in ties to an Internet connected device in Louisville, Kentucky.

14.     On information and belief, Cunningham or his designee used a VPN or IP-address-masking tool, such as a browser like Tor, to conceal the details surrounding where that opt-in was provided.

15.     On information and belief, the only person who benefited from USA Auto's calls to professional-TCPA-plaintiff Cunningham is Cunningham himself.

16.     On information and belief, Cunningham or his designee provided this information so that he would receive calls from USA Auto and others so that he could claim the calls were unwanted, even though no other person would benefit, as Cunningham believed he would, from such a senseless input of data from the sobriquet Ms. Butt.

17.     The www.autocarenow.com website form also included a click-box to establish a clickwrap agreement for the user's consent to receive phone calls and/or text messages by automated technology or artificial or pre-recorded calls.  This box was checked for Cunningham's

opt-in, and thus prior express consent was provided for USA Auto to use automated technology to place phone calls, text messages, or prerecorded voice calls to Cunningham's (615) XXX-9191 phone number.

18.     After receiving prior express consent to call Cunningham's phone number, USA Auto began calling Cunningham about the extended vehicle service agreements it sells on or about June 24, 2019.

19.     According to USA Auto's records, it called Cunningham approximately 22 times over the course of a six-week period.

20.     Between June 25, 2019—the day after USA Auto first called Plaintiff—and August 21, 2019, USA Auto's records show that it *received* 29 inbound calls from Cunningham's (615) XXX-9191 phone number.

21.     All of the inbound calls from Cunningham's number were of short duration. None of his calls to USA Auto resulted in a conversation with a USA Auto representative, whether to revoke his consent to be called or otherwise.

22.     Indeed, when consumers return a missed phone call from USA Auto, their call is answered initially by a so-called "IVR" (Interactive Voice Response) system, and callers are given the option to press 2 to have to their phone number added to USA Auto's Do-Not-Call list.  Despite that option, Cunningham *never* selected the option to simply press "2" to have his number added to USA Auto's Do-Not-Call list to end the allegedly "unwanted" calls.

23.     Instead, on information and belief, Cunningham would call USA Auto expecting USA Auto to call him back, thereby driving up the call count that he would use to extract a higher settlement payout for his manufactured TCPA claim.

24.     Then, on August 7, 2019, Mr. John Meyer, an employee in USA Auto's customer service center, had a phone call with Cunningham on his (615) XXX-9191 number.

25.     Although Mr. Meyer expressed his understanding that he was speaking with a Ms. Butt, Mr. Cunningham ignored that and identified himself as Craig Cunningham.

26.     On this call, Mr. Cunningham identified a 2009 Silverado as his vehicle (the same type of vehicle listed on his opt-in form), and provided his credit card information to purchase a vehicle services policy from USA Auto.

27.     On information and belief, Mr. Cunningham either falsely identified himself as "Amma Butt" on the opt-in form, or had another person, an "Amma Butt" or otherwise, complete the opt-in form on his behalf to prompt USA Auto's (and others') calls to him.

28.     Mr. Cunningham therefore knew, before filing this suit on February 26, 2020, and subsequently amending it on May 4, 2020, that either he or some third party on his behalf, had opted in to receive phone calls at (615) XXX-9191, the very same phone calls that serve as the basis of his Complaint against USA Auto and co-defendants.

29.     On information and belief, this was a setup made under false pretenses.

30.     Mr. Cunningham, a frequent TCPA litigant with deep experience litigating TCPA claims, knew that he opted in to receive phone calls, and that sellers like USA Auto would rely on that TCPA-compliant opt-in to place phone calls to his number.

31.     Instead of correcting that manufactured opt-in, Cunningham intentionally failed to simply ask USA Auto to stop the phone calls he was receiving in order to drive up his settlement demand and, when the extorted settlement was not forthcoming, he filed suit falsely claiming that the phone calls were unsolicited in his broader campaign to collect money under false pretenses via his TCPA claims.

- 16 -

32.     USA Auto reasonably relied on the fact that the user of phone number (615) XXX-9191 had consented to receive phone calls, and that Cunningham continued to want to receive call-backs by continuing to call USA Auto with his own phone calls to USA Auto.

33.     USA Auto took actions based on that consent and continued conduct of calling USA Auto, including incurring costs for employee time and resources to call Cunningham as requested and solicited.

34.     In addition, USA Auto has now been required to engage attorneys and incur costs associated with defending against Cunningham's spurious and fraudulently induced lawsuit—all based on its reasonable reliance on Cunningham's consent to receive phone calls from USA Auto.

## COUNTERCLAIM – COMMON-LAW FRAUD

35.     USA Auto incorporates the previous paragraphs as if fully set forth here.

36.     Under Texas law, the elements of a common-law fraud claim are: (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *See, e.g., Franklin v. Upland Software, Inc.*, 1-18-CV-00236-LV, 2019 U.S. Dist. LEXIS 16938 (W.D. Tex. Feb. 1, 2019) (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011)).

37.     Under Texas law, Mr. Cunningham has committed common-law fraud against USA Auto because he made material, and continuous false representations to USA Auto that he knew were false and that he intended USA Auto to rely upon. USA Auto relied on those representations to its detriment and was injured as a result.

38.     Specifically, Mr. Cunningham knew or had reason to know before his filing of this suit that he and/or his designee using the name "Ms. Butt" affirmatively gave USA Auto and/or third parties consent to receive phone calls from USA Auto at the phone number (615) XXX-9191.

39.     This representation was made with knowledge that Cunningham wanted to receive phone calls at his (615) XXX-9191 number so that he could use those calls as the basis for his manufactured TCPA claim.

40.     Mr. Cunningham intended USA Auto and/or third parties to rely on those representations so that USA Auto and/or third parties would then make calls that they reasonably believed Cunningham had requested.

41.     Cunningham then took *additional steps* to ensure that USA Auto would rely on these representations by placing 29 calls to USA Auto, between June 2019 and August 2019, that were each of short duration and that he used to invite USA Auto to call him back.

42.     Cunningham, on information and belief, made these calls not to communicate with USA Auto, but rather to induce it to return his phone calls. USA Auto relied on these representations by expending both employee time and resources to call Cunningham on his provided telephone number.

43.     Despite knowing about his or "Ms. Butt's" opt-in, Cunningham continues his misrepresentations by claiming the phone calls were "unsolicited" in his  lawsuit.

44.     Mr. Cunningham then sued based on these misrepresentations, causing USA Auto to incur attorneys' fees and other costs in defending this spurious, manufactured lawsuit.

## **ALTERNATIVE COUNTERCLAIM – FRAUD BY NONDISCLOSURE**

45.     USA Auto incorporates the previous paragraphs as if fully set forth here.

46.     Under Texas law, the elements of fraud by nondisclosure are: (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge. *Franklin*, 2019 U.S. Dist. LEXIS 16938, n.4 (citing *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013)).

47.     Under Texas law, Cunningham is liable for fraud by nondisclosure.

48.     Cunningham knew or had reason to know prior to his filing of this suit that he and/or his designee using the name "Ms. Butt" affirmatively gave USA Auto consent to receive phone calls from USA Auto.

49.     Cunningham took no actions to correct that opt-in, including failing to simply press "2" on USA Auto's recorded message that would have added his phone number to USA Auto's do-not-call list on *any* of the 29 times that Cunningham called USA Auto.

50.     Cunningham perpetuated this non-disclosure and failure by deliberately placing 29 short phone calls to USA Auto without once informing USA Auto of any request to cease communications.

51.     To the extent Cunningham did not wish to receive phone calls at phone number (615) XXX-9191, he intentionally concealed from or failed to disclose that fact to USA Auto.

52.     Because Cunningham was the person with the most knowledge related to whether he wished to receive phone calls at his phone number (615) XXX-9191, and because he was well

aware of potential liability under the TCPA (based on his many previous lawsuits), Cunningham had a duty to disclose to USA Auto that he did not wish to receive the phone calls.

53.     Cunningham's failure to disclose his alleged desire to not receive phone calls was material because he knew or should have known that USA Auto was relying on an opt-in and/or Cunningham's own phone calls from his phone number (615) XXX-9191.

54.     Cunningham also knew that USA Auto would be ignorant of the fact that Cunningham allegedly did not wish to receive the phone calls, and that USA Auto would not have had an opportunity to discover that fact without Cunningham telling USA Auto.

55.     Cunningham, however, was intentionally silent when he had a duty to speak, and even went so far as to bait USA Auto into calling him back after Cunningham made 29 brief calls to USA Auto to solicit additional phone calls that he now alleges were "unsolicited."

56.     By failing to disclose that he allegedly did not wish to receive phone calls, Cunningham intended USA Auto to place phone calls that it believed had been requested and consented to by Cunningham.

57.     USA Auto expended both employee time and resources to fulfill its contractual obligations based on Mr. Cunningham's failure to disclose.

58.     Despite knowing about his or "Ms. Butt's" opt-in and failing to disclose to USA Auto that he allegedly did not want to receive the phone calls, Cunningham later claimed that those messages were "unsolicited" in his demand letter to USA Auto and subsequent lawsuit after the demanded high-nuisance-value settlement was not tendered to Cunningham.

59.     Cunningham then sued USA Auto based on his failure to disclose, causing USA Auto to incur attorneys' fees and costs in defending against this spurious suit.

## CONCLUSION AND REQUEST FOR RELIEF

USA Auto requests that the Court enter a judgment that Cunningham is liable for common-law fraud and/or fraud by nondisclosure, and award USA Auto actual damages, exemplary damages, interest, costs, attorneys' fees and other litigation expenses, and for all other relief, at law and equity, to which USA Auto may show itself entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, USA Auto demands trial by jury of all issues so triable.

Dated May 18, 2020                                    Respectfully submitted,


By: /s/ Andrew R. Kasner
      Andrew R. Kasner – Lead Attorney
      MCDOWELL HETHERINGTON LLP
      TX State Bar No. 24078770
      1001 Fannin Street, Suite 2700
      Houston, Texas 77009
      P: (713) 337-8868
      F: (713) 333-5987
      E: andrew.kasner@mhllp.com

      Joseph P. Bowser, *pro hac vice*
      Biniam Tesfamariam, *pro hac vice*
      ROTH JACKSON
      1519 Summit Avenue, Suite 102
      Richmond, VA 23230
      P: 804-441-8440
      F: 804-441-8438
      E: jbowser@rothjackson.com
      E: btesfamariam@rothjackson.com

      *Counsel for USA Auto Protection, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, the foregoing document was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system, and to Plaintiff at the following address via U.S. Mail:

Craig Cunningham
3000 Custer Road
Ste 270-206
Plano, TX 75075

/s/ Andrew Kasner
Andrew Kasner