UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

)
)   Craig Cunningham
)   Plaintiff, Pro-se
)
)      **v.**     Civ Action     4:20-cv-00142
)
) USA Auto Protection
)    Defendants

FILED: **6/18/20**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

### Plaintiff's Motion for Sanctions

### Certificate of Conference

1. Plaintiff has met and conferred and served a copy of this motion along with the letter to the defendnats on 6-1-2020. Defendants have filed a response indicating they are refusing to withdraw their counterclaim and as such, this motion for sanctions followed.

2. The Plaintiff hereby files this motion for sanctions under rule 11(b)(1) for filing a counterclaim for an improper purpose, namely to harass the Plaintiff, cause a delay in the case, and to increase the costs of litigation and as the defendants have failed to make a reasonable inquiry into the facts before filing this counterclaim.

3. In violation of rule 11(b)(2) the defendant's contentions have no basis in existing law and have no basis in establishing new law.

4. Defendants factual contentions have no evidentiary support, nor will they likely have evidentiary support after further investigation or discovery in violation of 11(b)(3) and (4).

5. For these reasons, the defendants should be sanctioned for bringing their frivolous and

    harassing counterclaim

6. **Defendants have no evidence or reasonable belief that the Plaintiff or anyone associated with him visited www.autocarenow.com and have not performed a reasonable inquiry in violation of FRCP 11(b)(1) before filing their counterclaim.**

7. The Defendants have no reasonable belief that the Plaintiff or any designee visited autocarenow.com, nor have they conducted a reasonable inquiry or they are simply filing this counterclaim in bad faith if they have done a reasonable inquiry into the facts.

8. The Defendants have no evidence that this website visit happened, and certainly can't tie the alleged opt in to any actions by or on behalf of Plaintiff in any way. The defendants have failed to perform even a cursory investigation and inquiry into the facts of this case before making this reckless counterclaim.

9. The Defendants acknowledge in their pleading that the IP address for the visit in question came from a device located in Louisville, Kentucky, which if anything would cast significant doubt that the Plaintiff did not go to the website in question, as the Plaintiff resides in Texas and yet the Defendants make this reckless assertion in paragraph 13 of their complaint.

10. Assuming the allegations are true that the Plaintiff gave consent on the website, no person would reasonably even know that by going onto www.autocarenow.com that it would result in calls from Defendant USA Auto, and yet they make this assertion without any evidence connecting a website visit to www.autocarenow.com to calls from USA auto in paragraph 16 of their counterclaim.

11. Defendants claim without any evidence or even a reasonable belief that a VPN or Tor browser was used to make the opt in, but this is nonsensical as well and is made without any reasonable inquiry. First, it can't be that both a VPN or TOR was used. Again a simple 30 second internet search would identify some basic information relating to the IP address, which the defendants have failed to do before filing this counterclaim.

12. If it were a VPN, a reasonable inquiry would reveal which VPN service provider was used and they could positively ID the actual user of the service in paragraph 14.

13. If a Tor browser was used, it would be practically impossible to link the opt in to the Plaintiff, so there would be no reasonable basis to even think the Plaintiff was involved in the opt in. Given that the IP address can be reverse searched through free open source tools, and it isn't listed as a TOR based IP address, it is nonsensical to claim even mention TOR as being related to the opt in when a rudimentary internet search reveals that the IP address is not associated with TOR in any way.

14. Defendants should have known that the lead was bad given the nonsensical address and name information and can't in good faith state that they reasonably relied on obviously false information. Furthermore, any representations purported to be by or on behalf of the Plaintiff can't be taken seriously given the defendant's actions to conceal their own identity during the calls and by using non-working caller ID numbers.

15. Plaintiff did call the defendant in an attempt to identify who was calling, but now the defendants falsely claim that the calls were of a short duration when many were over a minute long. The defendants claim that none of the calls resulted in a convesation

with a USA auto representative, but omit that the reason why, which is because no agents ever picked up the phone and the system automatically terminated the calls. Despite calling back immediately after he was called sometimes and at multiple times of the day over 20 times, not a single call was ever answered by a live person of USA auto and the system always claimed the lines were busy and disconnected the call.

16. Defendants falsely claim that the Plaintiff called USA Auto expecting USA Auto to call him back, but fail to mention that there was no way to even know USA Auto was calling or that they were involved, given the lack of proper identification during the calls. There is no reasonable basis to advance a counterclaim with these allegations given the unknown nature of the calls and false information given by the Defendants during the call. No caller ID information was transmitted identifying the calls as being associated with USA Auto, and the live agent that spoke to the Plaintiff falsely stated she was calling from the "Vehicle Processing Center" and not USA Auto Protection, LLC.

17. Given that the defendants were lying about their business name, the defendants removed any reasonable or good faith basis for all of their claims that the Plaintiff knew he was going to get calls from USA Auto Protection or that USA Auto Protection would call him back and that they were reasonably relying on a purported opt in.

18. **Defendants can't claim reasonable reliance on an opt in with obviously false information.**

19. Given the obviously false nature of the OPT in, the Defendants can't claim they reasonably relied on information that is clearly false to a casual observer. Given an IP

address in Kentucky and a Canadian address, and phone number from Tennessee, any reasonable person would have known that the lead was bogus and any reliance on the lead would not be reasonable.

**20. Defendant's Common Law Fraud claim is improperly filed contrary to existing law and is being made in bad faith**

21. Defendants have no knowledge, evidence, or reasonable belief that the Plaintiff consented to receiving calls and they have failed to conduct a reasonable inquiry into this issue before making these reckless claims.

22. In paragraph 38, they claim that the Plaintiff made a false representation to give consent to recieve calls from the defendant. The only problem is that the actions of the defendants indicates they were trying to conceal their identity, which is contrary to what someone would do if they legitimately thought they had valid consent to call.

23. The Defendants reference an August 7th 2019 call involving an employee of USA Auto, John Meyer, who spoke to the Plaintiff. The Defendants omit the fact that they lied and announced themselves as "Vehicle Processing Center" during the call, misrepresenting their true business name in an attempt to conceal their identity.

24. Defendant's can't claim in good faith that they reasonably relied on any opt in and thought they had genuine consent while also lying about their identity during the call. If they really thought they had valid consent, why lie about their identity? If they were reasonably relying on the opt in, why lie about your identity?

25. The only conclusive misrepresentations that occured were when the Defendants lied and claimed to be calling on behalf of "Vehicle Processing Center" and yet now they claim they "reasonably relied" on the belief that they had a legitimate opt in.

26. Defendants further used spoofed, non-working caller ID's to call the Plaintiff. Although the Plaintiff did call the numbers back to identify the unknown caller and to document the calls, not one single time was a call ever answered when the Plaintiff called, even when the Plaintiff immediately dialed back. The IVR system always stated that the extension the Plaintiff was calling was on the phone, every single time, no matter when the Plaintiff called back.

27. Defendants claim they expended employee time and resources to call the Plaintiff, but this is a false representation to the court, given that the calls were initiated using an automated telephone dialing system as alleged in paragraph 42.

28. **Defendant's Fraud by non-disclosure claim is improperly filed contrary to existing law**

29. First, the Defendants knew that they had falsely claimed to be another entity and were using a spoofed, non-working caller ID that never connected to an agent of USA Auto in an attempt to conceal their identity. Based on these false representations, no reasnable person could have known who they were actually talking to during the calls.

30. Assuming everything the defendants allege is true regarding the opt in, the counterclaim is still baseless and improperly filed as the Defendants lied about their identity 5 seconds into the call and no reasonable person would know or be able to connect that the calls from "Vehicle Processing Center" related to the purported opt in to recieve calls from USA Auto Protection, LLC. Defendants have no reasonable basis to assert a counterclaim that the Plaintiff should have known that they were calling him and informed them of anything after they lied to the Plaintiff 5 seconds

into the call.

31. Furthermore, multiple courts have ruled that Plaintiffs in a TCPA case have zero duty to mitigate damages or inform the telemarketer that they are violating the law even holding that such a defense isn't a proper affirmative defense, much less a viable basis for a counterclaim. See Holtzman v. Turza, 2010 WL 3076258, at *5 (N.D.Ill.2010) ("[m]itigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable."); State ex rel. Charvat v. Frye, 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (Ohio 2007) ("There is no duty to mitigate in TCPA cases."); Manuf. Auto Leasing, Inc. v. Case 8:12-cv-02414-SDM-TBM Document 12 Filed 12/07/12 Page 20 of 30 PageID 79 14 Autoflex Leasing, Inc., 139 S.W.3d 342, 347 (Tex.Ct.App.2004); Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp., 2006 WL 2771640, at *4 (Mo.Ct.App.2006) ("Plaintiff was not required to mitigate its damages by calling Defendant."); Jemiola v. XYZ Corp., 126 Ohio Misc.2d 68, 802 N.E.2d 745, 750 (Ohio Com.Pl.2003) ("plaintiff has no obligation to mitigate damages [under TCPA], since the amount of damages is specifically set by statute and is therefore mandatory"); Fed. Comm. Comm'n, In re 21st Century Fax(es), Ltd., Enforcement Action Letter, Case No. EB–00–TC–)) (March 8, 2000) ("Faxing even an advertisement . . . constitutes a violation of the TCPA . . . . Recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials.")

32. The FCC has held that a Plaintiff under the TCPA has no duty to mitigate or inform a calling party that they are violating his rights in a declaratory ruling and order on released on July 2015 FCC 15-72, docket 02-278, which are binding on district courts

per the Hobbs Act, stating: *We reiterate that the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice.*

33. Not only is there zero supporting law for their fraud by nondisclosure claim, all law on the issue is directly contrary to their claims and assertions. The Plaintiff never had any duty to speak or inform the defendants of anything, nor would the Plaintiff have known who he was speaking with until after the call was completed and his credit card was charged even if the defendants assertions regarding the opt in were true.

34. The Plaintiff never had a duty to correct an opt-in that he never participated in or had any knowledge of, particularly when the identity of the caller wasn't known and was intentionally misrepresented to the Plaintiff by the defendants.

35. Despite clear authority from courts and the FCC, the Defendants have filed this fraud by non-disclosure claim in bad faith and contrary to existing law.

## Conclusion

36. The Defendants claims are not in good faith and are not supported by existing case law or any relevant authority. Defendants are advancing this baseless counterclaim merely to harass the Plaintiff in discovery. The defendants lied about their name in the call referenced by the defendants in their motion, and yet they claim that the Plaintiff is somehow supposed to know the identity of the calling party misrepesenting themselves over the phone. The Defendants make blatantly false claims regarding the opt in, such as it coming from an IP address associated with Tor in an attempt to mislead the court or display their lack of an inquiry into the facts.

*Craig Cunningham*
Plaintiff,
3000 Custer Road, ste 270-206, Plano, Tx 75075
615-348-1977, 6-18-2020

UNITED STATES DISTRICT COURT FOR THE
Eastern District of Texas

)
)   Craig Cunningham
)   Plaintiff, Pro-se
)
)           v.            Civ Action        4:20-cv-00142
)
)   USA Auto Protection
)   Defendants
)

## Certificate of Service

I hereby certify a true copy of the foregoing was sent USPS first class mail to the defendants in this case.

*Craig Cunningham*
Plaintiff,
3000 Custer Road, ste 270-206, Plano, Tx 75075
615-348-1977
6-18-2020