IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-142-RWS-KPJ |
| USA AUTO PROTECTION LLC, *et. al.*, | § § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2. Defendants USA Auto Protection, LLC, Palmer Administrative, Inc., Michael Shaftel, Phillip Tripoli, Lyndon Southern Insurance Company, Paylink Payment Plans, LLC d/b/a Paylink Direct, MIFCO, LLC, Digital Media Solutions, LLC, Amir Golestan, and Kristin Mehera Golestan have been terminated following dismissal of Plaintiff's claims against each Defendant. *See* Dkts. 65, 110, 115, 117. As set forth below, the Court finds Plaintiff Craig Cunningham's ("Plaintiff") claims against remaining Defendants John/Jane Does 1–5 should be **DISMISSED** without prejudice for want of prosecution.

On April 8, 2022, the Court ordered Plaintiff to provide a status report indicating how he wished to proceed with this suit. *See* Dkt. 118. Plaintiff filed a status report on April 22, 2022, wherein he indicated that he "he will be refiling this case against Digital Media Solutions in Florida as they have challenged personal jurisdiction in Texas in this case." Dkt. 119. On April 26, 2022, the Court ordered Plaintiff, within fourteen (14) days after receiving service of the order, to inform the Court how he wishes to proceed against John/Jane Does 1–5 (the "Order"). *See* Dkt. 120. On

May 2, 2022, Plaintiff acknowledged receipt of the Order. *See* Dkt. 121. Since acknowledging receipt of the Order, Plaintiff has not indicated to the Court how he wishes to proceed against John/Jane Does 1–5.

It is, therefore, recommended that Plaintiff's claims against John/Jane Does 1–5 be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE